UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                           Case No. 8:09-CV-2290-T-33EAJ

**GHASSAN MOHAMMED ZEBDAOUI,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant's **Motion to the Court to Dismiss this Case With Prejudice** (Dkt. 4), Plaintiff's **Response** (Dkt. 10), Defendant's **Second Motion to Dismiss This Case With Prejudice** (Dkt. 14), Plaintiff's **Response and Motion to Compel Defendant's Compliance With Local Rule 3.05(c)(2)(B)** (Dkt. 15), and Defendant's **Supplement** to his motions to dismiss (Dkt. 17).[1]

## Background

On November 10, 2009, Plaintiff filed a complaint to revoke Defendant's naturalization (Dkt. 1). According to the complaint, on or about August 30, 1979, Defendant, under the name Ghassan Mohammad Zebdawi, entered the United States on an F-1 student visa (Id. at ¶ 5). On April 24, 1981, while attending Michigan State University, Defendant was arrested for assault and battery, entry without permission, and malicious use of a telecommunications service (Id. at ¶ 6). On May 11, 1981, Defendant pled guilty to malicious use of a telecommunications service; the other two charges were dismissed (Id. at ¶ 7). Defendant was placed on probation and received a six-month

---

[1] The motions have been referred to the undersigned for a Report and Recommendation (Dkt. 16). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

deferred sentence (Id.).

On or about May 28, 1981, Defendant was arrested for a probation violation and sentenced to thirty days in jail (Id. at ¶ 8). As a result, Defendant's student status was terminated and on June 30, 1981, Defendant was physically deported from the United States to Lebanon (Id. at ¶ 10-11).

On December 29, 1983, Defendant returned to the United States under the name Nouhad Afif Koleilat (Id. at ¶ 11). On August 15, 1985, using this name, Defendant applied for permanent-resident status based on his marriage to a United States citizen (Id. at ¶ 12). On his application, Defendant indicated that he had never been arrested, convicted, confined in a prison, or deported (Id. at ¶¶ 13-14). Defendant later swore under oath that the statements in his application were true (Id. at ¶ 15). On or about October 29, 1985, Defendant's application was approved (Id. at ¶ 16).

On August 24, 1986, Defendant legally changed his name to Ghassan Mohammed Zebdaoui (Id. at ¶ 17). On November 26, 1990, Defendant applied for naturalization (Id. at ¶ 18). On his application, Defendant indicated that he had been cited for three minor traffic violations but failed to reveal his conviction for malicious use of a telecommunications service or that he had been deported (Id. at ¶¶ 19-20). Defendant later swore under oath that the statements in his application were true and testified that he had never been deported from the United States (Id. at ¶¶ 21-22). On or about November 6, 1991, Defendant's application was approved and on December 12, 1991, Defendant took the oath of allegiance and was admitted as a United States citizen (Id. at ¶¶ 24-25).

## Analysis

United States attorneys have a duty, "upon affidavit showing good cause therefor, to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order

admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation...." 8 U.S.C. § 1451(a) (1994). To divest a naturalized person of citizenship, the government must satisfy a heavy burden of proof. United States v. Onabanjo, 351 F.3d 1064, 1065 (11th Cir. 2003) (per curiam) (citation omitted). "The evidence must be 'clear, unequivocal, and convincing and not leave the issue in doubt.'" Id. (quoting Fedorenko v. United States, 449 U.S. 490 (1981)).

## I. Defendant's First Motion to Dismiss (Dkt. 4)

In his answer to Plaintiff's complaint, Defendant denies many of Plaintiff's allegations. Defendant then asserts that Plaintiff "failed to prove its case against pro se Defendant and ... also failed to provide any evidence in its Complaint that Ghassan Mohammed Zebdawi (the person who was allegedly deported in 1981) is the same person as Ghassan Mohammed Zebdaoui (the pro se Defendant)" (Dkt. 4 at 3). Defendant asks that this case be dismissed with prejudice and that punitive damages be imposed on Plaintiff because the case "is solely based on the wrongful assumption by the Plaintiff that Ghassan Mohammed Zebdaoui is the same person as Ghassan Mohammed Zebdawi" (Id. at 3).

In his supplement, Defendant contends that an FBI fingerprint report and Criminal History Check Report establish that "there is no link between [Defendant] and the Deportation case against Mr. Zabdawi in Michigan in 1981" (Dkt. 17 at 2).

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam) (citation omitted).

3

To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Accepting the allegations in the complaint as true and construing them in a light most favorable to Plaintiff, dismissal of Plaintiff's complaint for failure to state a claim is not warranted. While there is a clear dispute regarding the evidence that has been or will be presented in this matter, such dispute is not a proper basis for dismissing Plaintiff's complaint. Consequently, Defendant's first motion to dismiss should be denied.

## II. Defendant's Second Motion to Dismiss (Dkt. 14)

Plaintiff next contends that this case should be dismissed because Plaintiff has allegedly failed to comply with this court's Local Rules.

Local Rule 3.05(c)(2)(B), M.D. Fla., provides that "[c]ounsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report." The parties must file their Case Management Report within fourteen (14) days of this meeting. Id.

Defendant asserts that he was served with the complaint by hand on November 10, 2009 and thus reasons that the parties were required to meet on or before January 9, 2010 (Dkt. 14 at 2). Defendant maintains that Plaintiff's counsel "deliberately and willfully disregarded all pro se defendant's prior written requests to meet with Plaintiff (since October 12th, 2009)" (Id. at 3).

Plaintiff responds that 1) any failure to comply with Local Rule 3.05(c)(2)(B) is not a jurisdictional ground for dismissal of a case and 2) the meeting deadline was not met due to Defendant's failure to cooperate (Dkt. 15 at 1). Plaintiff emphasizes that Local Rule 3.05(c)(2)(B) requires the parties to meet within sixty days after 1) the complaint is served upon any defendant <u>or</u> 2) the first appearance of any defendant. Because Defendant's first appearance in this case was on November 27, 2009, when he filed his answer/first motion to dismiss, Plaintiff reasons that the sixty-day deadline expired on January 26, 2010.

Given the alternative language of Local Rule 3.05(c)(2)(B), the parties were required to meet no later than January 26, 2010. The issue, then, is whether this case should be dismissed because the parties failed to do so.

Plaintiff's counsel maintains that on January 15, 2010, she sent a letter to Defendant advising that the parties were required to meet by January 26, 2010 (Dkt. 15 at 2).[2] Plaintiff maintains that as of January 29, 2010, Defendant "failed to contact counsel for the United States" (<u>Id.</u>).

Defendant has not explained his failure to respond to Plaintiff's letter. Rather, Defendant apparently found it unnecessary to respond because he believed the meeting deadline had already passed. Because this was Defendant's mistake, it would be inappropriate to sanction Plaintiff with dismissal of this case for the parties' failure to meet pursuant to Local Rule 3.05(c)(2)(B). Accordingly, Defendant's second motion to dismiss should be denied.

## **<u>Conclusion</u>**

---

[2] Defendant concedes that he received a letter dated January 15, 2010 advising that the parties were required to meet by January 26, 2010 (Dkt. 14 at 1).

5

Defendant has failed to demonstrate that dismissal of this case is appropriate at this time. Consequently, Defendant's motions to dismiss should be denied.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Motion to the Court to Dismiss this Case With Prejudice (Dkt. 4) be **DENIED**; and

(2) Defendant's Second Motion to Dismiss This Case With Prejudice (Dkt. 14) be **DENIED**.

**Date: February 23, 2010**

*/s/ Elizabeth A. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge