UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                      Case No. 8:09-cv-2290-T-33EAJ

GHASSAN MOHAMMED ZEBDAOUI,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the July 30, 2010, report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 59), in which Judge Jenkins recommended that Plaintiff United States of America's Motion for Summary Judgment (Doc. # 10) be granted in this denaturalization proceeding. On August 10, 2010, Defendant Ghassan Mohammed Zebdaoui filed an objection to Judge Jenkins's report and recommendation (Doc. # 61). On August 25, 2010, the United States filed its response to Mr. Zebdaoui's objection. (Doc. # 62).

After careful consideration, the Court adopts the Magistrate Judge's report and recommendation; specifically, Judge Jenkins's recommendation that the United States's Motion for Summary Judgment be granted. As such, the Court grants the United States's Motion for Summary Judgement, and revokes and sets aside the Attorney General's order admitting Mr.

Zebdaoui to United States citizenship. Mr. Zebdaoui's Certificate of Naturalization is hereby cancelled and Mr. Zebdaoui is ordered to surrender and deliver his Certificate of Naturalization and all other indicia of United States citizenship to the Attorney General.

## I.  Legal Standard

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II. Report and Recommendation

In her report and recommendation, Judge Jenkins recommends that the United States of America's Motion for Summary Judgment (Doc. # 10) be granted. (Doc. # 59). Particularly, Judge Jenkins found that Mr. Zebdaoui's arrest

and deportation in 1981 rendered him inadmissible to the United States through 1986, and that Mr. Zebdaoui fraudulently re-entered the United States during that period under the false name Nouhad Afif Koleilat.  Id.  For these reasons, Judge Jenkins found that Mr. Zebdaoui was not "lawfully admitted to the United States for permanent residence" when he applied for permanent resident status in 1985, and thus his certificate of citizenship was illegally procured and is revocable.  Id. at 9.  Importantly, Judge Jenkins found that Mr. Zebdaoui failed to set forth evidence establishing any disputed issues of material fact which would preclude the entry of summary judgment.  Id.  Thus, Judge Jenkins concluded that the United States met its heavy burden of showing that the evidence justifying revocation of Mr. Zebdaoui's citizenship is clear, unequivocal, and convincing.  Id.

### III. Objection and Response

A party seeking to challenge the Report and Recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for [the] objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)).

Mr. Zebdaoui's objection contains two such specific objections to the proposed findings. As such, this Court has conducted a *de novo* review of the portions of the Report and Recommendation which describe the two specific findings with which Mr. Zebdaoui takes issue, as well as an independent consideration of the relevant portions of the record. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 673 (1980); Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 513 (11th Cir. 1990).

First, Mr. Zebdaoui objects to the Magistrate Judge's adoption of the FBI report finding that the 1981 fingerprints contained in the FBI report match Mr. Zebdaoui's voluntarily-submitted 2009 fingerprints. (Doc. # 61 at 3-4). Additionally, Mr. Zebdaoui objects to the Magistrate Judge's finding that Mr. Zebdaoui completed and signed the translation of the 1983 Nouhad Afif Koleilat identification document contained in Mr. Zebdaoui's alien file. (Doc. # 61 at 10). With the exception of those two specific issues, Mr. Zebdaoui's objection summarily "totally objects" to the Report and Recommendation, and as such lacks sufficient specificity to trigger mandatory *de novo* review by this Court of the Magistrate Judge's factual findings. (Doc. # 61 at 1);

Macort, 208 F. App'x at 784 (11th Cir. 2006)(citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)).

As to the two specific factual findings to which Mr. Zebdaoui takes issue, Mr. Zebdaoui has failed to provide any meaningful analysis or reasoning why this Court should reject the Magistrate Judge's findings of fact. As to the FBI fingerprint analysis, Mr. Zebdaoui's objection does not provide any concrete reason why this Court should disregard the sworn and independent analysis of two separate FBI examiners. Further, Mr. Zebdaoui's objection to the finding that he completed the translation of the 1983 Nouhad Afif Koleilat identification document is immaterial in light of his admission that he applied for permanent resident status as Nouhad Afif Koleilat in August of 1985. (Doc. # 3 at ¶¶ 12, 17).

Despite the fact that the allegations of a pro se filer, like Mr. Zebdaoui, are held to a less stringent standard than formal pleadings drafted by lawyers, even with the benefit of this "liberal construction" Mr. Zebdaoui's objection still fails to set forth evidence which precludes the entry of summary judgment. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). The stories and theories which Mr. Zebdaoui presents in his objection are blatantly contradicted by the

-5-

record such that no reasonable fact finder could believe them. Scott v. Harris, 550 U.S. 372, 380 (2007).

**IV. Conclusion**

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Jenkins's recommendation that the pending motion for summary judgement be granted.  In addition, the Court revokes and sets aside the Attorney General's order admitting Mr. Zebdaoui to United States citizenship, cancels Mr. Zebdaoui's Certificate of Naturalization and orders Mr. Zebdaoui to surrender and deliver his Certificate of Naturalization and all other indicia of United States citizenship to the Attorney General.

Upon due consideration of the entire record, including the report and recommendation, the Court adopts the report and recommendation, overrules the objection thereto, and dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 59) is **ACCEPTED and ADOPTED.**

(2) Plaintiff United States of America's Motion for Summary Judgment (Doc. # 10) is **GRANTED.**

(3) The Attorney General's order admitting Mr. Zebdaoui to United States citizenship is revoked and set aside.

(4) Mr. Zebdaoui's Certificate of Naturalization is cancelled.

(5) Mr. Zebdaoui is ordered to surrender and deliver his Certificate of Naturalization and all other indicia of United States citizenship to the Attorney General.

(6) The Clerk is directed terminate any remaining pending motions, to enter judgment in favor of the United States of America, and to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of August, 2010.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record